Ruffin, C. J.
 

 The Court considers the judgment tobe erroneous. The statute givesjurisdiction to a Justiceofthe Peace, of debts and demands of certain amounts, due by bond, note or account; and for work, and labour done, etc; and the jurisdiction is to be exercised upon warrants, which shall express, “ the sum, and how due.” .There is no other process required, nor any declaration ; and the object of thus expressing the sum, and how due, was, obviously, to bring the matter within the jurisdiction of the magistrate, as pre
 
 *9
 
 scribed in the Statute. Hence warrants never add to the description, “due by bond,” or note, or the like, any further description; in respect, for example, to date, place, day of payment, co-obligor, or any other matter requisite to the complete identity of an instrument in a declaration. This warrant, therefore, is sufficient, on its face, according to the Statute, and universal usage. If, howerer, a party will needlessly undertake to describe the instrument minutely in the warrant, as he would in a declaration, he may with propriety be held bound to prove it accordingly. But this warrant does not purport to enter upon any such description of the note, "saying only, that the sum demanded for debt, and for interest thereon was “due by note,” without giving, date, or day of payment of the note, or its tenor in any respect. ' It is supposed, that it describes the day of payment, in giving a day, from which the interest was to run. But that is merely an inference from the fact, that, usually, interest accrues from the day, fixed for the payment of the principal. That, however, is not necessarily so; for often the debt becomes payable at a particular day, with interest thereon from a previous day. It is true, the Magistrate does not state that to have been the nature of this note. But it is not material to the point before us ; which is, whether the warrant professes to describe the note in that particular. And it certainly does not, except by the inference insisted on; which will not hold good in all cases. Indeed, it is obvious, that the memory of the witness was at fault, as to the day of payment. He fixes, it on the I5th of April, and yet, he says, that the judgment was g'i-yen according to the note ; and upon its face the judgment is for interest from the 1st day of April, as demanded in the warrant. The strong probability is, that the judgment accorded with the note, which was under the eye of the witness at the time of giving the judgment, and the jury might
 
 *10
 
 well have supposed, that he was mistaken in his recollection, at the trial, of the day of payment. But it is not material to this question ; for whether the note was the one way or the other, it was equally within the description required by the Staute, and actually contained in the warrant, and therefore the supposed variance did not exist.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo.